UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:13-CV-269-BO

| | |
|---|---|
| JOHN TINNEY, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ROBIN DALE GRATHWOL, ) | |
| ) | |
| Appellee. ) | |

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

This cause comes before the Court on John Tinney's appeal of the Bankruptcy Court for the Eastern District of North Carolina's Order of October 22, 2013, allowing appellee's objection to Tinney's claim. For the reasons discussed below, the decision of the bankruptcy court is affirmed.

**BACKGROUND**

Appellee, Grathwol, filed a voluntary petition seeking relief under chapter 11 of the Bankruptcy Code on January 13, 2012. On July 14, 2009, Grathwol had executed a promissory note in favor of Tinney, her ex-husband, in the amount of $150,000 which due and payable on July 14, 2010, and which was secured by a deed of trust on real property located in Wilmington, North Carolina. On August 6, 2010, Grathwol and Tinney entered into a subsequent agreement whereby Tinney would release the deed of trust in exchange for $75,000 and Grathwol's promise of a note with a personal guarantee for the balance of funds, Tinney's choice of properties, or Tinney's election convert the note to equity in R3, a waste disposal company of which Grathwol

was CEO, at any time. The agreement further provided that the $75,000 check would be negotiated after funds had been deposited by Park Sterling Bank, which was expected within two weeks of the August 6 agreement. Grathwol delivered a check in the amount of $75,000 to Tinney dated August 6, 2010, and Tinney marked the deed of trust satisfied on August 6, 2010.

Tinney never deposited the $75,000 check. Grathwol contends that this is because on or about August 13, 2010, the parties modified the August 6 agreement with the following terms. In exchange for not negotiating the $75,000 check, R3 would pay Tinney $300,000 and transfer interest to him following the closing of financing and other contracts.[1] Grathwol contends that this modification was documented on a napkin, record of which Grathwol asserts was lost sometime later. Tinney denies that the August 6 agreement was modified. Tinney was never paid $300,000, no interest in R3 was transferred to him, and, after filing a state court action against Grathwol which was dismissed in light of Grathwol's filing for bankruptcy, Tinney filed a proof of claim in Grathwol's chapter 11 proceeding. In support of the proof of claim, Tinney filed the August 6 agreement. Grathwol objected to the proof of claim, and the bankruptcy court held a hearing on the matter on September 17, 2013. The order finding that Tinney had failed to prove by a preponderance of the evidence the amount and validity of the proof of claim that is the subject of this appeal followed.

## JURISDICTION AND STANDARD OF REVIEW

Jurisdiction over this appeal is proper pursuant to 28 U.S.C. § 158(a), which provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals...from final judgments, orders, and decrees...of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." A bankruptcy court's findings of fact

---

[1] The record indicates that R3 expected that it would receive a lucrative contract to handle recycling services for the county, but that the contract was never in fact received.

shall not be set aside unless clearly erroneous and conclusions of law are reviewed de novo. *In re White*, 487 F.3d 199, 204 (4th Cir. 2007).

## DISCUSSION

A creditor in a chapter 11 proceeding may file a proof of claim. 11 U.S.C. § 501(a). A proof of claim is a written statement setting forth a creditor's claim which, when based on a writing, is accompanied by a copy of the writing or, if the writing has been lost or destroyed, a statement of the circumstances regarding the loss or destruction of the writing. Fed. R. Bank. P. 3001(a);(c).

> The Bankruptcy Code establishes a burden-shifting framework for proving the amount and validity of a claim. The creditor's filing of a proof of claim constitutes prima facie evidence of the amount and validity of the claim. 11 U.S.C. § 502(a); Fed. R. Bankr.P. 3001(f). The burden then shifts to the debtor to object to the claim. 11 U.S.C. § 502(b); *Finnman*, 960 F.2d at 404. The debtor must introduce evidence to rebut the claim's presumptive validity. Fed. R. Bankr.P. 9017; Fed.R.Evid. 301; 4 *Collier* at ¶ 501.02[3][d]. If the debtor carries its burden, the creditor has the ultimate burden of proving the amount and validity of the claim by a preponderance of the evidence.

*In re Harford Sands Inc.*, 372 F.3d 637, 640 (4th Cir. 2004). "[E]ven though the existence of a claim is controlled by state law, the allowance or disallowance of a claim in bankruptcy is a matter of federal law left to the bankruptcy court's exercise of its equitable powers." *In re Johnson*, 960 F.2d 396, 404 (4th Cir. 1992).

The bankruptcy court found that Tinney's filing of a proof of claim with the August 6 agreement attached constituted prima facie evidence of the validity and amount of the claim. The bankruptcy court further found that Grathwol had rebutted the claim's presumptive validity by introducing sufficient evidence of the execution of the modified agreement which would serve to supersede the August 6 agreement. Finally, the bankruptcy court found that Tinney had not come forward with sufficient evidence prove the claim's validity.

Having reviewed the record in this matter, the Court finds no basis upon which to disturb the bankruptcy court's factual findings or that its conclusions of law were in error.[2] Tinney argues first that Grathwol did not rebut the validity of his claim, contending that while Grathwol's testimony established the basis for an affirmative defense of modification of contract, North Carolina law provides that the burden of proof remains with party raising the affirmative defense and Tinney need not have demonstrated that the August 6 agreement remained intact. This assignment of error fails. Whether a proof of claim is allowed is "exclusively a bankruptcy concept" that is "within the province of the bankruptcy court to adjudicate." 4 Collier on Bankruptcy ¶ 502.01. As found in *Harford Sands*, the burden of proving the amount and validity of a claim always rests with the party filing the claim; that Grathwol raised what under North Carolina law would be deemed an affirmative defense in order to rebut the claim does not affect the burden shifting framework in the bankruptcy proceeding.

Insofar as Tinney has challenged the bankruptcy factual finding that Grathwol presented sufficient evidence to rebut his proof of claim, such argument also fails. The record reveals that, while she could not produce the actual document memorializing the modification of the August 6 agreement, Grathwol presented the testimony of two disinterested witnesses who verified the existence of the modification document. One witness testified that when he was told about the modification he was shocked at its terms, while the other testified that she had photocopied the document memorializing the modification at Grathwol's request and that she too was shocked at the terms of the modification. Grathwol and the two witnesses agreed as to the date of the modification, the location where the modification was executed, and its terms. The record

---

[2] Tinney raises different issues in his notice of appeal and brief on appeal. The Court presumes that any argument not raised in his brief on appeal has been waived, and therefore considers only the issues raised therein.

further reflects that while Tinney disputes the existence of the modification to the August 6 agreement, he never negotiated the $75,000 check even though Grathwol had instructed him when her account held sufficient funds and further submitted evidence at the hearing that there were sufficient funds in her account for several weeks. Tinney has not demonstrated that any of the foregoing facts as found by the bankruptcy court were clearly erroneous, nor that the bankruptcy court's finding that such evidence was sufficient to rebut Tinney's proof of claim was in error.

Tinney next contends that the *Harford Sands* analysis does not apply to modification of a contract and that its holding is therefore distinguishable. First, the burden-shifting framework as described in *Harford Sands* is found in the bankruptcy code and the rules of bankruptcy procedure, and is therefore applicable to the instant action irrespective of the manner in which Grathwol elected to rebut the presumptive validity of Tinney's claim. Second, Tinney's argument would again require the Court to conflate the applicability of North Carolina's contract law with the requirements of a valid proof of claim under 11 U.S.C. § 502. As noted by Grathwol, her burden under the bankruptcy code is to rebut the claim's presumptive validity, which she has done here by raising a colorable claim that the August 6 agreement, upon which Tinney's proof of claim is based, was superseded by modification to such agreement. Tinney's reliance on a non-binding decision from the Northern District of Georgia to argue that Grathwol was required to satisfy an additional burden is misplaced. The relevant consideration for the bankruptcy court regarding Tinney's proof of claim was whether there was a valid agreement between the parties and Grathwol had not honored her obligation to make a payment pursuant to that agreement. The bankruptcy court found that Grathwol sufficiently rebutted Tinney's claim by presenting evidence that the agreement had been modified and, based upon the modification

terms, she had no obligation to pay Tinney. Tinney's argument does not provide a basis upon which to reverse the holding on the bankruptcy court in this instance.

Tinney's final argument is based on policy considerations. Tinney contends that the burden was improperly placed on him, as a creditor, to prove that his contract was not modified, and that this outcome fails to provide him the same protections he would receive in state court. As noted above, the chapter 11 proceeding was subject to the bankruptcy code and the rules of bankruptcy procedure, and "the allowance or disallowance of a claim in bankruptcy is a matter of federal law left to the bankruptcy court's exercise of its equitable powers," not its application of state law. *In re Johnson*, 960 F.2d 396, 404 (4th Cir. 1992). The bankruptcy court properly applied the law to the facts supporting Tinney's claim and found that it should be disallowed. The Court finds no overarching policy considerations which would require a different result.

## CONCLUSION

Accordingly, it is for these reasons that the decision of the bankruptcy court entered in this matter on October 22, 2013, is hereby AFFIRMED.

SO ORDERED, this 26 day of June, 2014.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE